

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George M. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5394
Re: Under the facts submitted would
affidavits to state accounts
executed by the deputy sheriff
or person who has power of at-
torney be legal and should the
state pay such claims?

Your letter of June 14, 1943, requesting the opinion of this department on the above stated question reads as follows:

"Please advise me if in your opinion the State should pay fees in felony cases to sheriffs under the following conditions:

"A sheriff was granted leave of absence by his commissioners court and is now in the United States Army. The affairs of the office are being carried on by deputies and one of the deputies has power of attorney duly executed. Would affidavits to state accounts executed by the office deputy or person who has power of attorney be legal and should the state pay such claims?"

Article 6869, Vernon's Annotated Civil Statutes, among other things provides in effect that deputy sheriffs shall have the power and authority to perform all of the acts and duties of their principals. This rule has also been held to apply to the making of an affidavit. Thus it has been held proper for a deputy sheriff to make an affidavit for fees in the manner permitted to the sheriff. (Shely v. State, 35 Crim. R., 190, 32 S. W. 901).

upon accounts which the State owes and which are accompanied by an affidavit duly executed by a deputy sheriff. We express no opinion with reference to the authority or powers of a deputy who has the power of attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED JUL 2, 1943.

ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN